## McBRIDE ET AL. *v.* BELL ET AL.

*Suretyship—Guardian sells realty without appraisement—Section 10948, General Code—Sureties may sue to set aside sale—Although final account not filed, when.*

An action lies to set aside a sale of real estate, made by a guardian without an order of appraisement as prescribed by Section 6283, Revised Statutes (Section 10948, General Code), and without any appraisement in fact made, and such action is available to sureties on the guardian's bond without waiting indefinitely for a final account to be filed, especially since the ward fails or refuses to institute such proceeding and apparently conspires with the guardian and purchaser to extort from the sureties funds misappropriated by such guardian.

(Decided September 29, 1913.)

APPEAL: Court of Appeals for Richland county.

SHIELDS, J.; VOORHEES and POWELL, JJ., concurring.

This cause is before this court on appeal from the judgment of the court of common pleas of this county. The question presented arises upon a demurrer to the petition, wherein it is alleged that one H. E. Bell was on October 10, 1890, appointed by the probate court of this county as guardian of Della Wolford, then an imbecile, but now not under legal disability, and that on said day Bell gave bond as such guardian in the sum of $2,000, with C. E. McBride and S. M. Douglass as sureties thereon, to faithfully account for the estate of said Wolford; that afterwards, on October 18, 1902, said guardian filed a petition in said court for an

order to sell the undivided one-half interest of lot 4177 of the consecutive numbers of lots in the city of Mansfield, said county, owned by said ward; that on November 14, 1902, he sold the same to one John N. Case for the sum of $1,000, which said sale was afterward approved and confirmed by said court and said guardian executed a deed therefor; that said Case now claims to hold and own the same, but the plaintiffs allege that said proceedings and sale are illegal and void because said guardian sold said real estate without having first given an additional bond as such guardian, without first having procured an order of said court to appraise the same and without first having caused the same to be appraised; that afterwards, on January 26, 1906, said guardian filed his fifth partial account in said court, and on March 19, 1906, said court approved and confirmed said account, when said court found him chargeable with the sum of $998.34 belonging to his said ward, which said sum the plaintiffs allege is wholly of the moneys received by said guardian from the sale of said real estate; that said Bell, as such guardian, on March 24, 1906, tendered his resignation to said court, which on said day was accepted, and that at the commencement of this action no final account had been filed by him as such guardian in said court.

It is further alleged in said petition that suit was entered by the said Della Wolford against the plaintiffs to recover the amount found in the hands of said guardian by said court and due from said guardian on the said fifth partial account as aforesaid, which said suit was found and adjudicated

by this court to have been prematurely brought on account of no final account having been filed in said probate court by said guardian. Other allegations are made in said petition which we do not deem it important to call attention to in connection with the demurrer filed, except to add that said Bell, as said guardian, and said Della Wolford are made parties defendant to this action.

The plaintiffs pray that said pretended deed executed to John N. Case by said guardian, and which is a cloud upon the title of said real estate of said Della Wolford, be ordered cancelled and held for naught; that he be required to reconvey said property, and that in default thereof the decree of this court may stand as and for a cancellation of said deed and transfer; that said John N. Case may be required to set up whatever claim he may have in the premises or any part thereof; that said Della Wolford may be restored to her just rights in said premises; that said pretended purchase price carried by said guardian into his fifth partial account may be stricken therefrom, or a basis of action upon the bond given by said plaintiffs; that in the meantime said John N. Case be enjoined from disposing of said property or otherwise encumbering the same; that on the final hearing hereof he be perpetually enjoined from so disposing of or encumbering said premises, and for such other and further relief in equity as the plaintiffs may be entitled to.

It would seem that the plaintiffs rely upon three distinct grounds for the relief sought in this action.

First. That no final account has been filed by the guardian before the commencement of said action.

Second. That said guardian did not give an additional bond before the sale of said real estate.

Third. That no appraisement of said real estate was made.

Section 6304, Revised Statutes (Section 10991, General Code), provides that "All laws relating to guardians for minors and their wards, and all laws pointing out the duties, rights, and liabilities of such guardians and their sureties, in force for the time being, shall be applicable to guardians for idiots, imbeciles, and lunatics, * * * except as otherwise specially provided."

Section 6285, Revised Statutes (Section 10950, General Code), provides:

"Upon the appraisement of said real estate being filed, signed by said appraisers, the court shall require such guardian to execute a bond, with sufficient freehold sureties, at least two in number in addition to the principal, payable to the state in double the appraised value of such real estate, with condition for the faithful discharge of his duties and the faithful payment and accounting for of all moneys arising from such sale according to law, which bond shall be additional to that given by the said guardian at the time of his appointment; and no court shall have power to waive the giving of such additional bond, nor jurisdiction to order the sale of such real estate until the same shall have been given."

This section has at various times been construed by our supreme court, which has held that the fail-

ure to give such bond as mentioned in the preceding section will not relieve sureties from liability on a guardian bond.

*Mauarr* v. *Parrish,* 26 Ohio St., 636; *Arrowsmith* v. *Harmoning,* 42 Ohio St., 254; *Arrowsmith* v. *Gleason,* 129 U. S., 86, 32 L. Ed., 630.

As was held by this court at a former term thereof, in a suit brought by Della Wolford to recover from the sureties on said guardian's bond, the amount found by the probate court in the hands of said guardian on the filing, approval and confirmation of his fifth partial account was premature, because said guardian had not then filed his final account in said court, and until so filed and the amount due thereon judicially ascertained and fixed by said court, no cause of action in favor of the said Della Wolford accrued. *Newton* v. *Hammond,* 38 Ohio St., 430.

And such would be our holding now in a case of like character, but we know of nothing in the case at bar involving this principle of law, because it does not appear that the plaintiffs herein are called upon for the payment of any sum already adjudicated against them.

But it is further alleged in said petition that the real estate of said guardian's ward was sold without an order of appraisement issued by said probate court and without any appraisement of said real estate having been made prior to said sale. Section 6283, Revised Statutes (Section 10948, General Code), provides:

"At the time appointed for the hearing of said petition, and being satisfied that the notice named

in the last preceding section has been given, and that such real estate ought to be sold, the court shall appoint three freeholders of the county in which said real estate shall be situated, who are not of kin to the petitioner, to appraise said real estate; and if such petition seeks to have the land or any part thereof laid out into town lots, and the court finds it will be to the advantage of the ward to have the same done, the court shall also authorize the survey and platting of the land for that purpose."

Said section requires that an appraisement of the real estate shall be made before sale, and we think it is the settled policy of this state and that it is the uniform rule of courts in this state to require such appraisement by a guardian to be made. Clearly said sale in this respect was at least irregular and subject to be set aside in a proper proceeding to be commenced for such purpose. But can the plaintiffs avail themselves of this privilege? Have they any such rights that they can assert in an equitable proceeding to protect themselves from being subjected on their bond as sureties to the payment of a liability without authority of law? In the case of *Myers et al.* v. *Hewitt et al.*, 16 Ohio, 449, it is held that "A judgment creditor may file a bill after levy, to clear away the cloud cast upon the title by such sale," etc.

Applying a like equitable rule to the case at bar, can not the sureties on this bond maintain the action herein without waiting indefinitely for a final account to be filed and judicially passed on in the estate of Della Wolford, when perhaps they could assert their rights and defend as such

sureties? That Della Wolford could institute a proceeding to set aside said deed to said Case for the reasons hereinbefore stated, admits of no doubt, but having refused to do this, or at least not having done so, with the fair presumption that she is familiar with the circumstances leading up to the execution of such deed, thus winking at the enforced payment by the sureties on her guardian's bond of moneys misappropriated, at least unaccounted for, by such guardian, can it be said that such sureties are powerless in a court of equity to obtain relief? Equity will afford relief against fraud, and equity will likewise afford relief against a conspiracy to defraud. While this element of fraud may be entirely lacking in the case, as may appear upon trial had in a court of general equity jurisdiction, still we think the averments in the petition, when taken together, state a cause of action, and the demurrer will therefore be overruled.

*Demurrer overruled.*

*Mr. C. H. Workman* and *Mr. N. M. Wolfe,* for plaintiffs.

*Mr. W. H. Gifford,* for defendants.