## THE CINCINNATI TRACTION CO. v. PIKER.

*Charge to jury — General exceptions thereto — Omission to charge not challenged thereby, when — Request for directed verdict — Not equivalent to request to charge as to contributory negligence, when.*

1. A general exception to a charge of a trial court does not raise any question of error as to the omission of the court to give further correct instructions, but presents only questions of law existing in the charge as given.
2. A request by defendant for a directed verdict is not tantamount to a request for a charge to the jury on the subject of contributory negligence which counsel for defendant claims to have been developed by the evidence, and the omission of the trial court to charge the jury as to contributory negligence is not error, where no such instruction was requested by counsel.

(Decided March 10, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Sherman T. McPherson,* for plaintiff in error.

*Messrs. McCauley & Simmonds,* for defendant in error.

SHOHL, P. J. Defendant in error, Samuel Piker, was driving an open wagon south on Gilbert avenue, Cincinnati, a straight, wide street. At a point south of Morris street Gilbert avenue was being repaired. At that point defendant in error turned to the left for the purpose of crossing the street car tracks to get around that part of the street undergoing repairs. While on the south bound track his wagon was struck by a street car. He brought this action in the municipal court

of Cincinnati, where a jury trial was had resulting
in a verdict and judgment in his favor.

The evidence was conflicting. The witnesses for
plaintiff stated that the driver looked and saw the
street car coming; that it was quite a distance
away, varying from two hundred and fifty feet to
something over a square; and that the car was
running down a steep grade at a high rate of
speed. The witnesses for the company testified
that the car was running at a moderate or slow
speed; that when the driver turned across the
track the car was but a short distance away, vary-
ing from ten to fifty feet; that the driver did not
look in the direction that the car was approaching;
and that the motorman had the car under control
and when he realized the danger stopped the car
within a short distance. At the conclusion of all
the evidence, counsel for the traction company
made a motion to take the case from the jury "on
the ground that the evidence shows conclusively
contributory negligence on the part of the plain-
tiff." This motion was overruled. After the case
was argued, the court charged the jury; but did not
submit the question of contributory negligence.

In view of all the testimony it would not have
been improper for the court to have instructed the
jury as to the law of contributory negligence.

Indeed it is the duty of the court to instruct as
to the law governing the situation thus developed.
(*The Rayland Coal Co.* v. *McFadden, Admr.*, 90
Ohio St., 183.) This duty of the court must be
considered in connection with the duty of counsel.
The attorneys for both sides reserved only a gen-
eral exception to the charge. The law is clear that

a general exception to the charge of a trial court does not raise any question of error as to the omission of the court to give further correct instructions, but presents only questions of errors of law existing in the charge as given. *The State of Ohio* v. *McCoy*, 88 Ohio St., 447, and *The Columbus Ry. Co.* v. *Ritter,* 67 Ohio St., 53.

The last-named case specifically decides that the failure to charge is not ground for reversal unless it was called to the attention of the court and further instructions requested and refused.

The same point was referred to in the case of *Rayland Coal Co.* v. *McFadden, supra.* After the supreme court states the duty of the trial judge to instruct the jury, it points out that in the case then on trial there was more than an omission on the part of the judge, who expressly charged on the subject of contributory negligence and stated that it was not in the case. In view of this explicit statement of its views, counsel for defendant was not required to make further request. That case presents an example of an incorrect charge and does not conflict with the rule laid down in the *McCoy* and the *Ritter cases, supra.*

It has been urged that in the case at bar the request for a directed verdict was tantamount to a request for a charge on the subject of contributory negligence, because it called to the attention of the judge the claim of the defendant that there was contributory negligence.

Instances might be presented of requests to charge of varying degrees of informality. Contributory negligence might be asserted in the opening statements, in arguments as to the admissi-

bility of testimony, or in argument to the jury.
There is no authoritative decision that such action
constitutes a sufficient compliance with the doc-
trine of the *McCoy* and *Ritter cases.*    Moreover,
there is an additional circumstance in this case.
The record shows that after the trial judge had
expressly explained the law of the case to the jury,
he addressed counsel and asked: "Anything else,
Gentlemen, on the general proposition of law?"
Counsel responded that there was nothing.    Under
all the circumstances this would constitute a waiver
of objections to the omission of the court, within
the rule referred to at page 195 of the *Rayland
Coal Company case, supra.*

The judgment will be affirmed, but without
penalty.

*Judgment affirmed.*

CUSHING, J., concurs.

HAMILTON, J., not participating.