## THE LOBER RADIATOR & MANUFACTURING CO. ET AL. *v*. ROSEN.

*Contracts — Purchase of machine — Approval of sample product — Burden of proof — Action for purchase price.*

In an action to recover the purchase price of a machine for manufacturing certain goods, under a contract which provides that after the machine is completed a sample of the product is to be submitted for the purchaser's approval, the burden of proof rests upon the plaintiff to establish that the purchaser approved the sample or was acting in bad faith in failing to do so.

(Decided December 20, 1920.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Miller, Miller, Brady & Seeley,* for plaintiffs in error.

*Mr. Ben W. Johnson* and *Miss Eva Epstein,* for defendant in error.

RICHARDS, J. The action was commenced in the court of common pleas by Henry Rosen for the purpose of recovering for a machine which he had manufactured for the defendant company. The trial resulted in a verdict and judgment in favor of the plaintiff, and it is insisted that the judgment must be reversed and the cause remanded for new trial because of error of the court committed in the charge to the jury and in refusing to permit certain exhibits to go to the jury.

Some items of the account were not in dispute and need not be mentioned in this opinion. The only item which was in controversy is described in the amended petition as a set of rolls for radiator core,

any size length, per duplicate sample, your order No. 1416. Order No. 1416, directed to Rosen and signed by the purchasing company, is in evidence and contains the following:

"When rolls are completed sample to be submitted for our approval."

The defendant contended that the sample submitted was not even substantially in accordance with the agreement, and did not meet with its approval, and that it would not approve or accept the same. Evidence offered on behalf of the plaintiff tended to show that the sample as submitted was in accordance with the agreement and was accepted and approved by the defendant. The order being in writing the parties could not be in dispute as to its terms, and the burden rested upon the plaintiff to establish by a preponderance of the evidence that he had furnished a sample to the approval of the defendant. If the defendant, acting in good faith, declined to approve the sample, that would be a defense to the action. In the absence of an agreement that a sample of the product was to be submitted for the approval of the purchaser, it would be sufficient to justify a recovery if the preponderance of the evidence established that the product was substantially in accordance with the agreement, but where goods are sold on the terms that they are to meet the approval of the purchaser, the plaintiff, in order to recover, must establish that approval. *Ashley* v. *Henahan,* 56 Ohio St., 559, syllabus 2.

In several places in the charge the trial judge instructed the jury that the only question for their determination was whether the rolls were substantially in accordance with the agreement, and

that the burden of proof was on the defendant, The Lober Radiator & Manufacturing Company, to prove its claim by a preponderance of the evidence. This charge was manifestly erroneous, and the parties being directly in conflict upon the question whether the company had accepted the rolls the charge was not only erroneous but prejudicial.

Counsel for plaintiff in error further urge that the trial court committed error in excluding from the jury certain exhibits. The submission of exhibits to the jury on their retirement is a matter resting in the sound judicial discretion of the trial court, and its action in that respect will not be reversed in the absence of an abuse of that discretion, which is not shown in the case at bar.

*Judgment reversed, and cause remanded.*

KINKADE and CHITTENDEN, JJ., concur.