NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4207
_____

PAUL J. McARDLE,
Appellant

v.

VERIZON COMMUNICATIONS INC.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 13-cv-1233)
District Judge: Hon. Cathy Bissoon
_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2014
_____

Before: SMITH, VANASKIE and SHWARTZ, Circuit Judges.

(Opinion Filed:  May 23, 2014)

_____

OPINION
_____

SHWARTZ, Circuit Judge.

Paul J. McArdle appeals the District Court's dismissal of his case on statute of limitations grounds. Because McArdle filed his Complaint after the limitations period expired, we will affirm.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history.[1] McArdle, a Pittsburgh-based attorney, filed a complaint against Verizon Pennsylvania in the Court of Common Pleas of Allegheny County, Pennsylvania on May 29, 2007, claiming that Verizon Pennsylvania negligently "misplaced" listings and advertisements he purchased for publication in the 2006 and 2007 editions of the company's telephone directories. App. 14-16. In his amended complaint, McArdle sought to add Verizon Pennsylvania's parent company, Verizon Communications Inc., as a defendant but in fact named a different entity. In its answer filed on July 14, 2008, Verizon Pennsylvania informed McArdle that he had named Verizon Communications, Inc., another subsidiary of Verizon Communications Inc., whose name differed from that of the parent company by a single comma.[2]

Despite this disclosure, McArdle did not seek leave to correct his complaint. Eventually, summary judgment was entered in favor of Verizon Communications, Inc. The Superior Court affirmed, and on December 27, 2012, the Supreme Court of Pennsylvania denied McArdle's petition for review.

On August 27, 2013, McArdle filed this federal Complaint against the parent

_____

[1] The facts recounted here are drawn from the Complaint, and because we are reviewing an order that dismissed a case pursuant to Fed. R. Civ. P. 12(b)(6), we accept all facts in the Complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Specifically, Verizon Pennsylvania pleaded that "plaintiff appears to have confused defendant, Verizon Communications, Inc., with a non-party with a very similar name, Verizon Communications Inc." App. 19.

company, Verizon Communications Inc., in the Western District of Pennsylvania, alleging it engaged in common law fraud. McArdle asserted that Verizon Communications Inc. registered with the Commonwealth of Pennsylvania "a plethora of fictitious names, wholly-owned subsidiary business corporations, and wholly-owned subsidiary limited liability corporations so as to confuse its customers and the authorities as to whom they were dealing with."[3] App. 6. He also alleged that sales representatives operating out of Verizon Communication Inc.'s office used disingenuous business cards bearing the names of various unregistered companies. He also claimed that Verizon Communications Inc., acting through its subsidiaries, made misrepresentations in state court and sought to inject other businesses into the litigation "for the purpose of distracting liability away from the Verizon named entity . . . ." App. 18.

On September 3, 2013, Verizon Communications Inc. moved to dismiss the Complaint on the ground that McArdle's claim was barred by the statute of limitations.[4]

---

[3] Between 2000 and 2013, Verizon Communications Inc. had registered at least 66 such names and registered and subsequently cancelled or withdrawn an additional 26 names.

[4] Fed. R. Civ. P. 12(b) allows certain defenses to be raised by motion, but the rule does not include a statute of limitations defense among them. In this Circuit, however, a limitations defense may be asserted in a motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks and citations omitted). However, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. (internal quotation marks and citations omitted). As discussed herein, the allegations contained in the Complaint demonstrate that McArdle's claim was brought after the limitations period expired. Therefore, the District Court did not err in considering Verizon Communication Inc.'s limitations defense in a Rule 12(b)(6) motion.

At the Court's direction, the parties then submitted forms, in which McArdle declined to consent to magistrate judge jurisdiction and elected instead to have the case assigned to a district judge. Following assignment of the case to the District Judge but absent a referral order on the docket, the Magistrate Judge issued a Report and Recommendation, in which he recommended that the District Court grant Verizon Communication Inc.'s motion to dismiss on statute of limitations grounds.[5] Over McArdle's objections, the District Judge adopted the Magistrate Judge's Report and Recommendation and granted Verizon Communication Inc.'s motion to dismiss. McArdle now appeals.

## II.

The District Court had jurisdiction in this case pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's order dismissing a complaint. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We "accept all factual allegations as true, construe the

---

[5] We find no error in the Magistrate Judge's issuance of the Report and Recommendation following McArdle's election to have the case assigned to a District Judge. The Federal Magistrates Act, 28 U.S.C. § 636, requires neither the consent of the parties nor an order that refers a matter to a magistrate judge for a report and recommendation. In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998). Moreover, the Local Rules of the United States District Court for the Western District of Pennsylvania provide that "[i]f a party elects to have the case assigned to a District Judge, the Magistrate Judge shall continue to manage the case by deciding non-dispositive motions and submitting reports and recommendations on dispositive motions, unless otherwise directed by the District Judge." LCvR 72(G). Thus, the issuance of the Report and Recommendation was permissible under our precedent and the local rules of the District Court. Furthermore, 28 U.S.C. § 636(b)(1)(B) does not require a magistrate judge to hold a hearing prior to issuing a report and recommendation. Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).

complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).

III.

McArdle argues that the District Court erred in dismissing his Complaint based upon the statute of limitations. In Pennsylvania, the statute of limitations for fraud claims is two years. 42 Pa. Cons. Stat. § 5524(7). "[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises . . . ." Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). It is tolled, however, "until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 144 (3d Cir. 1997) (internal quotation marks and citations omitted). "[L]ack of knowledge, mistake or misunderstanding do not toll the statute of limitations, even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy . . . ." Pocono, 468 A.2d at 471 (citation omitted).

Here, the alleged misrepresentations concerning the identity of Verizon Communications Inc., namely the registration of numerous subsidiaries and the distribution of business cards bearing the names of unregistered businesses, occurred before McArdle filed his state court action in 2007. McArdle was informed on July 14, 2008 that he had named the wrong defendant, and so he knew, or through the exercise of reasonable diligence should have known, the identity of the party allegedly responsible

5

for his injury no later than that date. The two year limitations period, therefore, began no later than July 14, 2008, and expired two years later. Because McArdle's fraud claim was not filed until August 27, 2013, it is barred by the statute of limitations.

McArdle's argument that damages did not "become certain," and the limitations period did not begin to run, until the Supreme Court of Pennsylvania denied his petition for review on December 27, 2012, fails. McArdle seems to contend that Verizon Communications Inc. defrauded him by its alleged failure to reveal the true wrongdoer and that it was only when the courts in Pennsylvania told him that he had no claim against the party he chose to sue that he was injured. As previously discussed, McArdle learned that he had pursued his claim against the wrong party in 2008. Neither his failure to take advantage of the opportunity to amend the state complaint to name the proper defendant nor the decision of a court concerning the improper defendant changes the date on which he knew of the alleged wrongful act. See Pocono, 468 A.2d at 471. His mistake concerning the proper party and his decision to nonetheless proceed against a different defendant despite being told of his error do not toll the statute of limitations. Therefore, the District Court correctly dismissed the Complaint on the ground that his claim accrued in 2008 and the present action was filed beyond the two year statute of limitations.[6]

---

[6] McArdle also argues that the District Court erred in its evaluation of the sufficiency of the pleadings under Twombly and Iqbal. As the District Court properly dismissed the Complaint on statute of limitations grounds, we need not consider McArdle's arguments regarding the sufficiency of the pleadings.

6

McArdle's argument that the dismissal of the Complaint violates his Seventh Amendment right to jury trial is also without merit. The Seventh Amendment preserves the right to a jury trial in cases where there are issues of fact to be determined. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979). Where, as here, a district court concludes as a matter of law that the plaintiff cannot succeed on his claim, the district court's legal determination does not invade the province of the jury and, therefore, does not violate his Seventh Amendment rights. See, e.g., Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990) ("[The] Seventh Amendment right to a jury trial was not abridged, because . . . the complaints failed as a matter of law to present an issue for trial."); see also Tellabs, Inc. v. Major Issues & Rights, Ltd., 551 U.S. 308, 327 n.9 (2007) ("In recognizing Congress' or the Federal Rule makers' authority to adopt special pleading rules, we have detected no Seventh Amendment impediment."); Walker v. N.M. & S. P. R. Co., 165 U.S. 593, 596 (1897) ("The seventh amendment . . . does not attempt to regulate matters of pleading or practice . . . .").

IV.

For the foregoing reasons, we will affirm.