**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL LAMONT SMITH,

    Plaintiff - Appellant,

v.

CITY OF OKLAHOMA CITY, Criminal
Court; A. J. LEWIS; BILL CITTY;
MICHAEL RANDALL, ATF; BRIAN
GILLIAND, ATF,

    Defendants - Appellees.

No. 16-6153
(D.C. No. 5:16-CV-00555-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Michael Smith appeals the district's court's order

dismissing his complaint as frivolous and for failure to state a claim.[2] *See* 28 U.S.C.

---

[*] After examining Smith's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Smith proceeds pro se on appeal, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his advocate. *See id.*

[2] "A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available)." *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 n.15 (10th Cir. 2008) (quoting *Moya v. Schollenbarger*,

§ 1915(e)(2)(B)(i), (ii). Smith also requests leave to proceed in forma pauperis (IFP) on appeal. We grant Smith's motion to proceed IFP. But we affirm the district court's dismissal of his complaint.

Smith's entire complaint alleges as follows:

> Racially discrimination to black people in Oklahoma Trickery & exploitating the misunderstanding of 10th Circuit people/natural persons, mock trials, unsafe & unsound practices routinely. Arresting black people at rate, in a state with 7.7% black, for all drugs in disparing numbers.

App. 3 (errors in original). The district court reasoned that Smith's complaint fails to state a claim because it only "states general concerns, in a conclusory manner, about subjects such as racial discrimination against black people in Oklahoma, the Tenth Circuit, unsound practices, and arrest rates of black people."[3] App. 8.

We review de novo the district court's order dismissing Smith's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Conkle v. Potter*, 352 F.3d 1333, 1335 (10th Cir. 2003). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v.*

---

465 F.3d 444, 449 (10th Cir. 2006)). But if "the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint, that dismissal (even if it is ambiguous or nominally of the complaint) is for practical purposes of the entire action and therefore final." *Moya*, 465 F.3d at 450–51. Because the district court in this case indicated that providing Smith leave to amend his complaint would be futile, *see* Order, Doc. 12, 2, the order dismissing Smith's complaint is final and appealable. *Cf. Moya*, 465 F.3d at 450–51. Thus, we have jurisdiction under 28 U.S.C. § 1291.

[3] The district court also concluded that Smith's claims are frivolous. But because we ultimately agree with the district court that Smith's complaint fails to state a claim, we don't reach that ruling.

2

*Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

Smith's brief lists the issues on appeal as (1) "Title VI violations of the 1964 Civil Rights (Act)" and (2) "Practice & Patterns of discrimination." Aplt. Br. 3. But Smith provides neither arguments nor authorities to accompany this list. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument section of appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("We do not consider merely including an issue within a list to be adequate briefing.").

In any event, we agree with the district court that the allegations in Smith's complaint are too general to state a claim. Likewise, we see no indication that allowing Smith to amend his complaint would cure its numerous deficiencies. *See Curley*, 246 F.3d at 1281. Accordingly, we affirm the district court's order dismissing Smith's complaint. *See id.* at 1284.

Entered for the Court

Nancy L. Moritz
Circuit Judge

3