**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos. 17-2146 & 17-3130

———————————

ISIDRO AGUILAR LOPEZ,
a/k/a Raul Osorio, a/k/a Fernando Orosco-Solo a/k/a Amilcar De Leon,
a/k/a Andres Perez-Lopez, a/k/a Ebi Hernandez Ramirez, a/k/a Gerardo Perez,
a/k/a Rene Lopez-Ramirez,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent

———————————

On Petition for Review of an Order of the
Department of Homeland Security
(Agency Nos. A097-698-697 & A209-452-646)

———————————

Argued on July 11, 2018

Before: SHWARTZ, ROTH and RENDELL, <u>Circuit Judges</u>

(Opinion filed: December 19, 2018)

Jonah B. Eaton          **(Argued)**
Christopher P. Setz-Kelly   **(Argued)**
Nationalities Service Center
1216 Arch Street
4th Floor
Philadelphia, PA 19107

Counsel for Petitioner

Chad A. Readler, Acting Assistant Attorney General
Douglas E. Ginsburg, Assistant Director
Briena L. Strippoli          **(Argued)**
Office of Immigration Litigation
United States Department of Justice
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

Counsel for Respondent

_____

OPINION [*]

_____

ROTH, <u>Circuit Judge</u>

Petitioner Isidro Aguilar Lopez,[1] a Mexican national who entered the country illegally, appeals the reinstatement of a removal order first entered against him in 2005. Lopez argues that the traffic stop preceding his arrest by the Department of Homeland Security (DHS), which led to the reinstatement of his prior removal order, violated his Fourth Amendment rights. He contends that the evidence derived from this stop, including his identity, fingerprints, and immigration file, should be suppressed. For the reasons stated below, we will remand this matter to DHS for further proceedings consistent with this opinion.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Lopez is alternatively referred to as Rene Lopez Ramirez. For purposes of consistency and clarity, we refer to him by the name that appears in the caption of this appeal.

2

**I.**

Lopez is a 39-year-old Mexican national. Starting in or around 1995, Lopez repeatedly entered the United States illegally and was removed eight times in the ensuing ten years. Lopez's most recent removal order was entered in 2005 and he was removed to Mexico on August 16, 2005. In October 2005, Lopez once again illegally reentered the United States, for the ninth time, and has remained in the U.S. without legal status ever since.

At approximately 8:30 p.m. on April 26, 2017, Lopez was driving with his family in Gardners, Pennsylvania, when a Pennsylvania State Trooper stopped his vehicle. The trooper asked Lopez for his license and registration. In response, Lopez acknowledged that he did not have a license and gave the trooper his Mexican passport for identification. The trooper then asked Lopez if he was a citizen, permanent resident, or "in process," to which Lopez responded that he was "in process." Lopez contends that the trooper initially stated he had stopped Lopez's vehicle due to a broken tail light, but, when Lopez asked the trooper which light was broken, the trooper changed his justification for the traffic stop, saying that Lopez had crossed the double yellow line.

The trooper subsequently took Lopez into custody and was met at the state police barracks by a DHS agent. The DHS agent interviewed, arrested, and fingerprinted Lopez and issued a Form I-871, Notice of Intent to Reinstate Prior Order (the Notice). The

3

Notice charged Lopez with removability under 8 U.S.C. § 1231(a)(5),[2] on the grounds that he was previously ordered removed, was removed, and subsequently reentered the U.S. illegally.  When issuing the Notice, the DHS agent informed Lopez that he could contest the reinstatement of his prior removal order by making a written or oral statement.  The "Acknowledgment and Response" section of the Notice has a checked box indicating that Lopez did not wish to contest the reinstatement order, and the corresponding signature line reads "refused to sign."[3]

On May 25, 2017, Lopez filed a counseled motion before DHS to reopen and rescind the reinstatement of Lopez's removal order.  The motion sought to contest the reinstatement on Fourth Amendment grounds.  At present, this motion remains unadjudicated by DHS.[4]

---

[2] Section 1231(a)(5) states: "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."

[3] App. 5.  The Notice of Intent to Reinstate Prior Order was reissued on June 8, 2017.  At oral argument, counsel for the government explained that this was done because the original Notice was issued under the wrong Alien Number, as a result of Petitioner's use of various aliases.  The reissued notice once again indicates that Lopez refused to sign.  Neither box is checked to indicate whether Lopez did or did not wish to make a statement contesting the reinstatement.

[4] Petitioner characterizes this motion as having been filed pursuant to 8 C.F.R. § 103.5, a DHS regulation that, with limited exceptions, governs motions to reopen or reconsider.  At oral argument, counsel for the government contended that § 103.5 does not apply to reinstatement orders but acknowledged that DHS has inherent authority to reconsider such orders.  *See* Oral Arg. Audio Recording at 33:00, *available at* http://www2.ca3.uscourts.gov/oralargument/audio/17-2146_Lopezv.AttyGenUSA.mp3.  Thus, all parties agree that DHS has authority to adjudicate the motion but has not yet done so.

At around the same time, Lopez petitioned for review in this Court, arguing that the evidence relied upon to reinstate his prior removal order should be suppressed because it was obtained through an egregious Fourth Amendment violation. All parties agree that Lopez's first petition for review (No. 17-2146) has now ripened and may be considered by this Court.[5]

## II.[6]

At the outset, we consider the government's argument that Lopez failed to administratively exhaust, and therefore waived, his Fourth Amendment claims. According to the government, Lopez had a sufficient opportunity to contest the reinstatement of his prior removal order on the night of April 26, 2017, after his arrest, when he was informed by the DHS officer that he could make a statement. Because Lopez apparently declined to do so, as reflected in the checkbox on the original Notice, the government contends that he failed to satisfy the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) and may not further pursue his Fourth Amendment claim. Lopez responds that his motion to reopen and rescind—filed within 30 days of the

---

[5] Lopez's counsel filed two separate petitions in an abundance of caution, due to Lopez's application for withholding of removal.

[6] We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a). Reinstated orders are the functional equivalent of final orders of removal. *Debeato v. Att'y Gen.*, 505 F.3d 231, 235 (3d Cir. 2007). On appeal, we review jurisdictional, constitutional, and legal questions de novo. *Valansi v. Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

original Notice and before the Notice was reissued on June 8—is sufficient to preserve his Fourth Amendment claim.[7]

We decline to adopt the administrative exhaustion rule proposed by the government, which would find Lopez's Fourth Amendment claims foreclosed based on little more than his failure to check a box on a form, shortly after his arrest and without the advice of counsel. We need not set out a comprehensive standard for administrative exhaustion of reinstatement challenges in this case. It is sufficient to conclude that here, given the circumstances of the reinstatement and Lopez's prompt filing of a motion to reopen, Lopez has not waived his Fourth Amendment claims.

We are not now opining on the merits of Lopez's Fourth Amendment claim. We note simply that, as a matter of law, under our decision in *United States v. Bowley*, it is possible that Lopez may have a cognizable suppression argument.[8] Here, however, no court or administrative body has adjudicated Lopez's suppression argument. The present administrative record is woefully under-developed, and, as an appellate tribunal, we are not positioned to develop the record in the first instance. At the same time, all parties agree that Lopez's motion to reopen, in which he asserted his Fourth Amendment argument, is properly before DHS and has not yet been adjudicated. Furthermore, the government agrees that DHS has the authority and the capacity to adjudicate Fourth

---

[7] Lopez asserts that applicable DHS regulations include no temporal restriction on when an alien may make a statement contesting reinstatement of a removal order. *See* 8 C.F.R. § 241.8.

[8] 435 F.3d 426, 430-31 (3d Cir. 2006) (holding that, absent egregious circumstances, the Fourth Amendment does not provide an alien the means to suppress his immigration file or information therein).

Amendment arguments such as Lopez asserts. We will therefore remand this matter to DHS so that DHS may rule on Lopez's motion to reopen and, in so doing, develop a sufficient evidentiary record and adjudicate Lopez's Fourth Amendment argument in the first instance.

## III.

For the aforementioned reasons, we will remand this matter to DHS for further proceedings consistent with this opinion.