**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1880 & 19-1946
_____

UNITED STATES OF AMERICA,

Appellant in No. 19-1880

v.

BRANDIN GARDNER,

Appellant in No. 19-1946
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-18-cr-00002-001
District Judge: Hon. David S. Cercone
_____

Argued July 9, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*.

(Opinion Filed:  September 8, 2020)

Donovan J. Cocas **[Argued]**
Laura S. Irwin
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
        *Counsel for the United States of America*

Sarah E. Levin
Renee Pietropaolo **[Argued]**
Office of Federal Public Defender

1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
    *Counsel for Brandin Gardner*

_____

OPINION[*]

_____

FUENTES, *Circuit Judge*.

Brandin Gardner pleaded guilty to possession of a firearm by a convicted felon.[1] The government challenges the District Court's application of judicial estoppel to count only one, rather than two, of Gardner's prior offenses as Sentencing Guidelines enhancement predicates.[2] Gardner also appeals a condition of his supervised release. Because the District Court erred by applying judicial estoppel, we will vacate and remand for resentencing, and dismiss Gardner's appeal as moot.

**I**

In 2014 Gardner was convicted of possession with intent to distribute heroin under state law (the "2014 offense").[3] Later that same year, Gardner was found with a significant quantity of heroin and linked to a heroin trafficking organization in Western Pennsylvania. In 2015, he was indicted for conspiracy to distribute and possess with intent to distribute heroin (the "2015 offense").[4] The 2015 conspiracy indictment makes

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] 18 U.S.C. § 922(g)(1).
[2] U.S.S.G. § 2K2.1(a)(2).
[3] Gardner was arrested and convicted of four additional offenses in 2014.
[4] 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846.

no mention of Gardner's 2014 offense or the conduct underlying it. Gardner pleaded guilty. At that sentencing, the district court found Gardner's 2014 offense to be "relevant conduct" to the conspiracy, and it accordingly did not assess the criminal history point that would have otherwise resulted.[5]

In 2017, while Gardner was on supervised release for his 2015 offense, his probation officer discovered two photos that Gardner posted to his Facebook account of himself with a firearm, leading to a search of Gardner's home and the discovery of a Glock 27 pistol. In 2018, Gardner pleaded guilty to possession of a firearm by a convicted felon (the "2018 offense"), the conviction that forms the basis of this instant appeal.[6]

Gardner objected to the Presentence Investigation Report's Guideline calculation on the grounds that his 2014 offense should not be considered a predicate controlled substance offense under U.S.S.G. § 2K2.1(a)(2). He argued that "it was considered relevant conduct for the 2015 federal offense . . . and was previously awarded zero criminal history points."[7] Gardner also argued, based on prior language in U.S.S.G. § 4A1.2(a)(2), that his related 2014 and 2015 offenses should be treated as "one offense."[8] In response, the government argued that while the 2014 offense was relevant

---

[5] U.S.S.G. §§ 1B1.3, 4A1.2.
[6] 18 U.S.C. § 922(g)(1).
[7] App. 16–17.
[8] App. 33 (relying on U.S.S.G. § 4A1.2(a)(2) (2006), which stated that "[p]rior sentences imposed in related cases are to be treated as one sentence").

conduct as to the 2015 offense, it was neither relevant conduct nor "part of the instant offense," that is, the 2018 offense.[9]

According to the government and undisputed by Gardner, shortly before the sentencing hearing, the District Court's law clerk informed the parties that the District Court would sustain Gardner's objection on the basis of judicial estoppel, which it raised *sua sponte*.[10] The District Court's determination lowered Gardner's offense level from 21 to 17, reducing the applicable Guideline range from 57–71 months to 37–46 months' imprisonment.

The District Court did not explain on the record its invocation of judicial estoppel, or its ruling on Gardner's objection prior to or at Gardner's sentencing hearing. At the hearing, the District Court alluded to its "ruling this morning, which [it] underst[ood] counsel [to] ha[ve] reviewed."[11] It then announced its Guidelines calculation. Counsel for the government replied, "I do want to state on the record our objection to the Court's ruling, as to the objection to the guideline range for the reasons that we stated in our sentencing memo, as well as for Section 4A1.2(a)(2)."[12] He did not specifically refer to the District Court's judicial estoppel ruling or rationale. Weeks later, the District Court issued an order sustaining Gardner's objection and setting forth its Guidelines calculation.[13]

---

[9] App. 47 (quoting U.S.S.G. § 4A1.2(a)(1)).

[10] According to the government, the law clerk made the announcement orally, and counsel for the government did not review any written decision, order, or other statement.

[11] App. 54.

[12] *Id.*

[13] The order provided that:

4

At sentencing, the District Court also imposed as a condition of supervised release that Gardner "shall participate in a program of testing, and, if necessary, treatment for substance abuse . . . . [and] shall contribute to the cost of services for any treatment in an amount determined to be reasonable."[14]  At the sentencing hearing, the District Court further elaborated that Gardner "shall contribute to the cost of his drug rehabilitation in an amount that's reasonable, that he can afford based on his income at the time and his other financial responsibilities."[15]

**II**[16]

The parties dispute the adequacy of the government's objection and the appropriate standard of our review.  Gardner argues that the government failed to

---

The government expressly took the position in the prosecution [of the 2015 offense] that the [2014 offense] was relevant conduct to the [2015 offense]. Consequently, the relevant conduct underlying the 2014 [offense] was treated as being part of the relevant conduct within the offense conduct and resulting sentence imposed by Judge Fischer in [the 2015 offense]; it would be improper to undo that treatment or reclassify the relationship of the prior to offenses [sic] at this juncture.  And the government is judicially estopped from contending otherwise.

It follows that defendant only has one qualifying offense under U.S.S.G. § 2K2.1(a)(2), which produces an adjusted base offense level of 17.  An adjusted base offense level of 17 and a criminal history category of IV produce a guidelines sentencing range of 37 to 46 months.  The remaining objections are denied.

App. 9.
[14] App. 6.
[15] App. 82.
[16] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

preserve the Guidelines issue for appeal when it failed to object specifically on the basis of judicial estoppel. "[A]n objection must be specific enough not only to put the judge on notice that there is in fact an objection, but to serve notice as to the underlying basis for the objection."[17] "[T]o preserve an argument for appeal, [a party] must have raised the same *argument* in the District Court—merely raising an *issue* that encompasses the appellate argument is not enough."[18]

The District Court's use of an off-the-record conference does not relieve the government of its responsibility to make a proper objection. "[W]hen it comes to making motions and preserving objections, the obligation rests with trial counsel to ensure the record reflects all motions or objections."[19] We have similarly cautioned that "[w]e will not bless a result where any potential record gap empowers creative counsel to resuscitate a waived objection on appeal."[20]

Nevertheless, "when [a] district court *sua sponte* raises and explicitly resolves an issue of law on the merits, the appellant may challenge that ruling on appeal on the ground addressed by the district court even if he failed to raise the issue in district court."[21] The District Court did so when it raised and resolved the issue of judicial

---

[17] *United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998); *see also* Fed. R. Crim. P. 51(b); *Puckett v. United States*, 556 U.S. 129, 134–35 (2009).
[18] *United States v. Joseph*, 730 F.3d 336, 337 (3d Cir. 2013).
[19] *United States v. Savage*, No. 14-9003, 2020 WL 4691500, at *10 (3d Cir. Aug. 11, 2020).
[20] *Id.*
[21] *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1328 (10th Cir. 2003); *Comcast of Sacramento I, LLC v. Sacramento Metro. Cable Television Comm'n*, 923 F.3d 1163, 1169 (9th Cir. 2019).

estoppel in the context of calculating Gardner's Guidelines. Accordingly, "[w]e exercise plenary review over the District Court's interpretation and application of the Guidelines" and "review determinations of fact for clear error."[22]

### III

The government argues that the District Court erred in its Guideline calculation by applying judicial estoppel and concluding that Gardner had only a single qualifying conviction under U.S.S.G. § 2K2.1(a). Under this Guideline, a second felony conviction of a "controlled substance offense" raises the base offense level from 20 to 24.[23] For that to happen, Gardner's prior convictions must "receive criminal history points" and "count[] separately" for the purposes of U.S.S.G. §§ 4A1.1 and 4A1.2's criminal history calculation.[24]

The Guidelines present two possible paths for Gardner to possess only a single predicate offense. First, if Gardner's 2014 offense is "relevant conduct" for his 2018 offense, it cannot be treated as a qualifying "prior sentence."[25] Second, Gardner's 2014

---

[22] *United States v. Zabielski*, 711 F.3d 381, 386 (3d Cir. 2013) (citing *United States v. Thomas*, 327 F.3d 253, 255 (3d Cir. 2003); *United States v. Figueroa*, 105 F.3d 874, 875–76 (3d Cir. 1997)); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) ("The district court has the ultimate responsibility to ensure that the Guidelines range it considers is correct, and the '[f]ailure to calculate the correct Guidelines range constitutes procedural error.'" (quoting *Peugh v. United States*, 569 U.S. 530, 537 (2013))).
[23] U.S.S.G. § 2K2.1(a)(2), (a)(4)(A). "'Controlled substance offense' has the meaning given that term in [U.S.S.G.] § 4B1.2(b)," and it otherwise covers Gardner's 2014 offense. U.S.S.G. § 2K2.1 cmt. n.1.
[24] U.S.S.G. § 2K2.1 cmt. n.10.
[25] U.S.S.G. § 4A1.2(a)(1) & cmt. n.1 ("Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of [U.S.S.G.] § 1B1.3").

and 2015 offenses may be treated as a single sentence under U.S.S.G. § 4A1.2(a)(2).

Neither of these approaches, nor judicial estoppel, applies to Gardner's Guidelines calculation.

### A

First, Gardner's 2014 conviction is not "relevant conduct" to his "instant offense," the 2018 offense. Under U.S.S.G. § 1B1.3(a)'s "broad" language,[26] "relevant conduct includes *all* acts that occurred during the commission of the offense."[27] Gardner's 2014 offense does not meet even this generous standard. His 2014 and 2018 offenses are separated by years and are substantively different offenses.

Following these principles, the District Court's assertion of judicial estoppel amounts to error.[28] The government did not take an "irreconcilably inconsistent" position,[29] because there is no 'transitive property' of relevant conduct—the mere fact

---

[26] Relevant conduct includes, among other things, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," U.S.S.G. § 1B1.3(a)(1)(A), and, with respect to grouped counts, "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction," U.S.S.G. § 1B1.3(a)(2).

[27] *United States v. McClure-Potts*, 908 F.3d 30, 40 (3d Cir. 2018) (quoting *United States v. Coe*, 79 F.3d 126, 127 (11th Cir. 1996)).

[28] *See Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 777–78 (3d Cir. 2001).

> Judicial estoppel may be imposed only if: (1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith[;] . . . and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity.

*Id.* The District Court made no determinations as to either the second or third factors.

[29] *Id.*

that Gardner's 2014 conviction was relevant to the 2015 conviction does not make it relevant conduct or excludable from consideration as a prior sentence here.[30]

**B**

Second, Gardner asserts that the District Court's allusions to relevant conduct and judicial estoppel were only made in passing, and that the District Court in fact concluded that it treated the 2014 and 2015 offenses as a "single sentence" under U.S.S.G. § 4A1.2(a)(2). This reading is inconsistent with the parties' presentence submissions and the text of the District Court's order, but in any case, the single sentence rule is of no avail.[31]

Under U.S.S.G. § 4A1.2(a)(2), "[p]rior sentences always are counted separately if . . . imposed for offenses that were separated by an intervening arrest," but "[i]f there is no intervening arrest, prior sentences are counted separately *unless* (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day," in which case they are treated as a "single sentence."[32] Gardner asserts that his 2014 and 2015 offenses were not separated by intervening arrests

---

[30] More generally, absent a limitation imposed by statute or the Guidelines, the mere overlap of a conspiracy and substantive offense does not prevent each from counting as distinct offense predicates. *See United States v. Torres*, 961 F.3d 618, 625 (3d Cir. 2020) ("[A] conspiracy offense counts as an [Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)] predicate offense even when it covers other substantive ACCA predicate offenses, so long as the conspiracy offense is a 'separate episode" that was distinct in time from the other offenses.").

[31] The District Court's order expressly invokes judicial estoppel and relevant conduct while making no mention of the single sentence rule or U.S.S.G. § 4A1.2(a)(2). Similarly, Gardner relied only on an earlier version of U.S.S.G. § 4A1.2(a)(2), largely in support of his "relevant conduct" arguments.

[32] U.S.S.G. § 4A1.2(a)(2) (emphasis added).

9

because the conspiracy was a "continuing offense" that is not broken by his 2014 arrests.[33] We need not decide this question. Even without an intervening arrest, Gardner's 2014 and 2015 offenses were neither contained in the same charging instrument nor imposed on the same day, so they cannot be combined under U.S.S.G. § 4A1.2(a)(2).

## IV

Finally, in his cross-appeal, Gardner contends that the District Court erred in requiring him to contribute to costs of his substance abuse treatment, if necessary, as a condition of his supervised release. Since we will vacate Gardner's sentence, his challenge to the condition of his supervised release imposed by the District Court at that time is moot.[34]

## V

Because the District Court erred by applying judicial estoppel and excluding Gardner's 2014 offense from its Guidelines calculation under U.S.S.G. § 2K2.1(a), we will vacate and remand for resentencing. We will dismiss as moot Gardner's challenge to his condition of supervised release.

---

[33] *See Smith v. United States*, 568 U.S. 106, 111 (2013) ("[C]onspiracy is a continuing offense.").

[34] *See United States v. Langford*, 516 F.3d 205, 211 (3d Cir. 2008) ("[A] correctly calculated Guidelines range will often be a necessary precondition of our reasonableness review."); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).