UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1438
_____

MICHAEL GOODSON, SR.,
                                        Appellant

v.

CITY OF PHILADELPHIA;
CHIEF INSPECTOR CHRISTOPHER FLACCO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-03728)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 5, 2024

Before: SHWARTZ, MATEY, and McKEE, *Circuit Judges*

(Opinion filed: August 25, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Michael Goodson appeals two District Court Orders (1) denying his motion to voluntarily dismiss his case without prejudice and (2) granting summary judgment in favor of the City of Philadelphia and Chief Inspector Flacco (together "the City") on, among other claims, Goodson's claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.[1]

For the reasons that follow, we will affirm the District Court's denial of Goodson's motion to dismiss without prejudice. We will vacate the District Court's grant of summary judgment in favor of the City and remand for further proceedings.

**I.**

Goodson moved for voluntary dismissal after the City moved for summary judgment. The District Court denied the motion as improper given the procedural posture of the case.[2] It granted Goodson leave to respond to the City's pending motion for summary judgment and warned that a failure to respond "may result in the dismissal of

---

[1] 42 U.S.C. § 2000e-2(a)(1) to (2).
[2] The District Court explained that:

> [D]espite the challenges attributed to Mr. Green [Goodson's preferred counsel], Mr. Lassiter has remained Plaintiff's counsel of record throughout this litigation, including the filing of the underlying motion on Goodson's behalf. Under these circumstances, Goodson appears not to have met his responsibility to diligently prosecute the action, nor has he offered any explanation as to why Mr. Lassiter was unable to do so.

App. 4-5 n.1.

this action for failure to prosecute."[3] Goodson did not file a response by the deadline imposed. Rather than dismiss for a failure to prosecute as it warned it would do if Goodson failed to respond, the District Court granted the City's motion for summary judgment. It reasoned: "having failed to respond to Defendant's motion or to even engage in any affirmative discovery, Plaintiff has not and cannot meet his summary judgment burden."[4] This timely appeal followed.

## II.[5]

### A. The District Court did not abuse its discretion in denying Goodson's motion for voluntary dismissal.

Goodson argues that the District Court abused its discretion in denying his motion to voluntarily dismiss the case without prejudice because exceptional circumstances deprived him of an opportunity to litigate his claims.

We review the denial of a motion for voluntary dismissal under Federal Rule of Civil Procedure Rule 41(a)(2) for abuse of discretion.[6] A district court abuses its discretion when it applies incorrect legal standards, fails to consider relevant factors, or reaches a decision that is clearly unreasonable.[7] Rule 41(a)(2) permits voluntary dismissal by court order "on terms that the court considers proper."[8] In assessing Rule

---

[3] App. 5.
[4] App. 6-7 n.2.
[5] We have jurisdiction to review this final order of the District Court. 28 U.S.C. § 1291.
[6] *Est. of Ware v. Hosp. of Univ. of Pa.*, 871 F.3d 273, 278 (3d Cir. 2017); *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974).
[7] *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 295 (3d Cir. 2011) (en banc).
[8] Fed. R. Civ. P. 41(a)(2) (providing that, except as specified elsewhere in the rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper").

41(a)(2) motions, courts must consider whether dismissal will prejudice the defendant, based on factors such as the stage of litigation, effort, and expense incurred by the defendant, and whether a motion for summary judgment has been filed.[9]

Here, the District Court acted within its discretion in denying the motion. Goodson moved for voluntary dismissal a year into this litigation, after discovery closed and after the City moved for summary judgment. In denying his motion, the District Court explained:

> In their motion, Defendants note that Plaintiff did not engage in any affirmative discovery, nor did he serve any document requests or interrogatories or notice any depositions. In addition, Plaintiff did not appear for his own deposition. As noted, Plaintiff has also failed to respond to Defendants' motion. Instead, Plaintiff filed a motion to dismiss his complaint without prejudice.[10]

Goodson argues that his chosen counsel's illness and inability to enter an appearance hindered his participation in litigation. That does not negate his chosen counsel's substantial delay in filing an appearance. It also does not explain why his retained counsel did nothing for an entire year—including failing to notice any depositions or respond to the City's notice to depose Mr. Goodson. Under these circumstances, it is obvious that the District Court did not abuse its discretion in denying Goodson's motion to dismiss without prejudice.

**B. The District Court erred in granting summary judgment.**

---

[9] *Est. of Ware*, 871 F.3d at 285-86.
[10] App. 6 n.2.

We review the District Court's grant of summary judgment de novo, viewing the record in the light most favorable to the non-moving party.[11] Summary judgment is appropriate when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.[12] Rule 56 does not authorize a default grant of summary judgment. Rather, it requires courts to independently evaluate the record before them to determine whether the moving party has met its summary judgment burden.[13]

Here, the District Court's Order does not comport with the requirements of Rule 56. The Order granting summary judgment states only: "having failed to respond to Defendant's motion or to even engage in any affirmative discovery, Plaintiff has not and cannot meet his summary judgment burden."[14] Goodson's failure to respond does not relieve the District Court of its responsibility under Rule 56(e)(3).[15] There is nothing in the District Court's Order to reflect that it determined that "the motion and supporting materials—including the facts considered undisputed—show that [the City] is entitled to" judgment as a matter of law.[16] Under Rule 56(e)(3), the District Court was required to clearly consider the record before granting summary judgment. While we certainly understand the District Court's loss of patience with the inexcusable conduct of

---

[11] *Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co.*, 180 F.3d 518, 521 (3d Cir. 1999).
[12] Fed. R. Civ. P. 56(a).
[13] Fed. R. Civ. P. 56(e)(3) ("[T]he court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").
[14] App. 7 n.2.
[15] *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (explaining that it is "well-settled" that a nonmoving party's failure to respond does not automatically entitle the moving party to a favorable grant of summary judgment).
[16] *See supra* note 18.

Goodson's counsel over a period of more than one year, we cannot affirm a grant of summary judgment on this record.

Our decision today is not meant to suggest that the District Court has no recourse on remand. As noted above, in its Order denying voluntary dismissal, the District Court instructed Goodson to respond to the City's pending motion for summary judgment or risk dismissal for a failure to prosecute. Thus, on remand, the District Court could proceed as it had warned Goodson it would if he failed to respond—dismiss the complaint based on Goodson's failure to prosecute.[17] The City's motion for summary judgment would then become moot.[18]

## III.

For the foregoing reasons, we will affirm the District Court's December 22, 2023 Order denying Goodson's motion to dismiss without prejudice and vacate its February 6, 2024 Order granting summary judgment in favor of the City. We will remand for proceedings consistent with this opinion.

---

[17] The District Court should consider the factors we set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before entering a final order dismissing this complaint for a failure to prosecute. *See Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 180 n.25 (3d Cir. 2021) ("District Courts must ordinarily consider the six factors laid out by *Poulis* . . . before dismissing a case by court order under Rule 41(b)."). Alternatively, under *Celotex*, the District Court could examine whether the City showed that Goodson could not make "a showing sufficient to establish the existence of an element essential to" his case for which he "will bear the burden of proof at trial." *See Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also* Fed. R. Civ. P 56(c)(1)(B) (allowing a movant to support a summary judgment motion by "showing . . . that an adverse party cannot produce admissible evidence to support the fact" asserted).
[18] *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam).